IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Josefina Peña,<br><br>      Plaintiff,<br><br>      v.<br><br>Museo de Arte de Puerto Rico; CHUBB; IEDIFIKO, Inc.; Multi-Clean, Inc.; Antilles Insurance Company; Cooperativa De Seguros Múltiples,<br><br>      Defendants. | **Civil No. 24-01394 (GMM)** |

**OPINION AND ORDER**

Pending before the Court is Defendants Multi-Clean, Inc.'s ("Multi-Clean") *Motion to Dismiss Amended Third-Party Complaint.* ("*Multi-Clean's Motion to Dismiss*") (Docket No. 31) and IEDIFIKO, Inc.'s ("Iedifiko") *Motion to Dismiss the Amended Third-Party Complaint Pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure.* ("*Iedifiko's Motion to Dismiss*") (together, "*Motions to Dismiss*") (Docket No. 34). For the reasons stated herein, the *Motions to Dismiss* are **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The present case is a diversity jurisdiction action for damages brought by Plaintiff Josefina Peña ("Plaintiff") against Defendant Museo de Arte de Puerto Rico ("MAPR" or "Defendant") and its insurer, Chubb Insurance Co. of Puerto Rico, Inc. ("Chubb").

On August 30, 2024, Plaintiff filed her *Complaint* against MAPR, its insurer Chubb, and any unknown defendants, alleging in sum and substance that due to defendant's negligence, she suffered damages. (Docket No. 1 ¶ 5.13).

The *Complaint* alleges that on June 29, 2023, Plaintiff was in the facilities of the MAPR as a commercial guest. (Id. ¶ 5.1). Plaintiff walked through the area of the lobby next to the elevators and the men's bathroom, there she slipped and fell on a concrete floor saturated with a "transparent and slippery substance." (Id. ¶ 5.2). As a result, Plaintiff sustained several physical injuries, particularly, in her left knee and shoulder, and her thoracic and lumbo-sacral spine, which required medical attention and resulted in "mental anguish and emotional distress." (Id. ¶ 5.5). Plaintiff asserts that this substance had "leaked from a hand sanitizer container installed on a nearby wall that was in disrepair or otherwise defective and reached the area of the floor where the accident occurred." (Id. ¶ 5.3). According to the *Complaint*, MAPR failed to warn Plaintiff about the wet and slippery floor, a condition that Plaintiff alleges was "not visible to the naked eye." (Id. ¶ 5.4). Plaintiff alleges four causes of action for negligence and seeks compensatory relief for the personal injuries and losses she sustained and for pre-judgment interest. (Id. ¶ 1.1, 7.1-7.11).

Plaintiff asserts that she tolled the statute of limitations against defendants MAPR and Chubb by extrajudicially claiming compensation from them on August 3 and 17, 2023. (Id. ¶ 6.2). On October 28, 2024, Plaintiff filed an *Amended Complaint* which amended paragraph 6.2 of the *Complaint* to include that she had also tolled the statute of limitations against defendants MAPR and Chubb by extrajudicially claiming compensation from them on July 22, 2024. (Docket No. 10 ¶ 6.2).

On March 31, 2025, defendants MAPR and Chubb subsequently filed a *Third-Party Complaint* against Multi-Clean, Iedifiko and Insurers A, B and C. ("*Third-Party Complaint*"). (Docket No. 21). MAPR and Chubb seek declaratory relief, as well as indemnity and/or contribution from the parties, with respect to any damages MAPR is ultimately determined to be liable for. (Id. ¶ 4(d), 5(d)).

The *Third-Party Complaint* alleges that at the time of the slip-and-fall incident, Multi-Clean was the maintenance contractor for all of the MAPR facilities, under a Services Contract between the parties. (Id. ¶ 5, 5(b)). Pursuant to terms of the agreement, Multi-Clean was responsible for the "maintenance for all of the MAPR facilities, particularly the interior areas, like lobbies and corridors of the museum." (Id. ¶ 5(b)). In said arrangement, Multi-Clean agreed to "indemnify, defend and hold MAPR harmless for losses." (Id. ¶ 5(d)). As part of such contractual duties, MAPR posits that "should the Court make a finding of liability as to

MAPR," such finding should fall "fully on Multi-Clean." (Id. ¶ 5(c)).

Moreover, the *Third-Party Complaint* alleges that at the time of the slip-and-fall incident, Iedifiko was the "manager and supervisor of all building areas of the MAPR facilities, including lobbies and common corridors," under a "Management Services Agreement" between the parties. (Id. ¶ 4, 4(b)).

Pursuant to terms of the agreement, Iedifiko was responsible for the management and supervision for "all of the MAPR facilities," including the lobbies and corridors of the museum. (Id. ¶ 4(b)). The *Third-Party Complaint* also claims that under the Management Services Agreement, Iedifiko agreed to "indemnify, defend and hold MAPR harmless for losses." (Id. ¶ 4(d)). As part of such contractual duties, MAPR posits that "should the Court make a finding of liability as to MAPR related to lack of maintenance," such finding should fall "fully on Iedifiko." (Id. ¶ 4(c)).

After obtaining Court leave on May 7, 2025, (Docket No. 26), MAPR and Chubb filed an *Amended Third-Party Complaint* on May 12, 2025. (Docket No. 29). It substituted formerly unknown Insurers A and B for Cooperativa De Seguros Múltiples ("CSM"), and Antilles Insurance Company ("AIC") as insurers for Multi-Clean and Iedifiko, respectively. (Docket No. 29).

On May 19, 2025, Multi-Clean filed a *Motion to Dismiss*. It asserted that the causes of action brought by MAPR and Chubb as part of the *Amended Third-Party Complaint* are "time-barred." (Docket No. 31 at 4). Multi-Clean argues that "[n]either the Complaint nor Amended Complaint allege that the Plaintiff tolled the statute of limitations against Multi-Clean." (Docket No. 31 at 4). They present that "Ms. Peña had until June 29, 2024, to file a complaint against Multi-Clean," and that "the Complaint and the Amended Complaint filed do not name Multi-Clean as a defendant." (Id.). They conclude that "[s]ince Plaintiff failed to timely bring an action against Multi-Clean, third-party plaintiffs MAPR and Chubb are barred from filing the Third-party Complaint against Multi-Clean." (Id.).

Iedifiko followed suit on June 2, 2025. (Docket No. 34). Iedifiko makes a similar claim. It states that "[t]he statute of limitations against Iedifiko expired on June 28, 2024, as said corporation was never provided extrajudicial notice to toll the prescriptive term, nor were they included in the original Complaint." (Docket No. 34 at 7). They argue that the *Amended Third-Party Complaint* is time-barred, as Plaintiff did not exercise the "due diligence" to claim action or to properly toll the statute of limitations. (Id.). Moreover, they argue there is no "perfect solidarity" between Iedifiko and MAPR that would extend the interruption of the term to sue, as the "agreement maintains

separate spheres of responsibility and limits liability to each party's own actions." (Docket No. 34 at 8).

Upon leave from the Court (Docket No. 40) on June 11, 2025, Plaintiff filed a *Second Amended Complaint*, (Docket No. 42), which added as new defendants all third-party defendants: Iedifiko and its insurer AIC; Multi-Clean, and its insurer CSM. Plaintiff argued that "it was not until March 12, 2025, that [she] had actual knowledge of the existence of Iedifiko and Multi-Clean." (Docket No. 40 at 6).

On June 16, 2025, MAPR and Chubb filed their *Opposition to Motions to Dismiss (At #31 & #34)*, in which they argue that the statute of limitations for Plaintiff to make a claim against Multi-Clean and Iedifiko began, "at the earliest, on December 5, 2024— i.e., upon being notified of their existence." (Docket No. 43 ¶ 11). Hence, they posit that the claims against them are not time-barred. (Id.). Additionally, they further argue that MAPR and Chubb's claims against Multi-Clean and Iedifiko are valid, as they are premised on contracts with MAPR in which Multi-Clean and Iedifiko respectively agreed to "indemnify, defend, and hold harmless MAPR for losses stemming from both contractors' acts and omissions." (Docket No. 43 at 12). Lastly, they argue that since "the Honorable Court granted Plaintiff's request to amend the Complaint," then "now all third-party defendants are now

defendants who are bound to respond directly to Plaintiff on the merits." (Docket No. 43 at 10).

## II. APPLICABLE LAW

A.  <u>Fed. R. Civ. P. 14(a)</u>

Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1); *see* <u>Lehman v. Revolution Portfolio L.L.C.</u>, 166 F.3d 389, 393 (1st Cir. 1999) (Rule 14 (a) "contemplat[es] the availability of third-party practice when a non-party is or may be liable for all or part of the plaintiff's claim against the defendant." (internal quotation marks omitted)).

For a Third-Party Complaint to proceed, "[a] third-party plaintiff must allege a direct line of liability between itself and the third-party defendant independent of that between the original plaintiff and defendant." <u>Arroyo-Lopez v. Hosp. Dr. Dominguez, Inc.</u>, 262 F.R.D. 93, 95 (D.P.R. 2009) (*citing* <u>Lopez de Robinson v. United States</u>, 162 F.R.D. 256, 258 (D.P.R. 1995)); *see also* <u>Tonge v. Doctors' Center Hosp.</u>, 531 F.Supp.3d 491, 498 (D.P.R. 2021).

Rule 14(a)(4) allows "any party to move to strike the third-party claim." Fed. R. Civ. P. 14(a)(4). "While the rule does not explicitly provide for motions to dismiss third-party claims, any

challenge to the appropriateness of impleader is treated as such." Milicevic v. Bayamon Hotel Co. LLC, No. CV 22-1202 (HRV), 2024 WL 404544, at *4 (D.P.R. Feb. 2, 2024) (*citing* Zurich Am. Ins. v. Lord Elec. Co., 828 F.Supp.2d 467 (D.P.R. 2011)). Moreover, when "determining whether a Third-Party Complaint was properly brought under Rule 14, a court looks to whether the pleadings provide a basis for a third-party defendant's liability to the defendant/third-party plaintiff." Arroyo-Lopez, 262 F.R.D. at 95.

B.  Motion to Dismiss Standard

Pursuant to Fed. R. Civ. P. 8(a)(2), a Plaintiff's complaint should present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant party may file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To defeat a motion under Rule 12 (b)(6), the complaint must contain sufficient factual assertions "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Lopez-Rivera v. Hosp. Auxilio Mutuo, Inc., 247 F.Supp.3d 185, 187 (D.P.R. 2017) (*quoting* Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). If a complaint

pleads facts that "are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *See* Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1 (1st Cir. 2011) (*citing* Iqbal, 129 S.Ct. at 1949) (*quoting* Twombly, 550 U.S. at 557, 127 S.Ct. 1955).

When evaluating a motion under Rule 12(b)(6), the Court should "accept as true the well-pleaded facts of the complaint while simultaneously drawing all reasonable inferences in plaintiff's favor." *See* LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (1st Cir. 1998). A Court faced with a 12(b)(6) motion must determine if the Plaintiffs allegations in the complaint are sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

C.   Statute of Limitations

The First Circuit has held that "[a]ffirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear' 'on the face of the plaintiff's pleading.'" Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (*quoting* Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)). This reason for dismissal is appropriate "when the pleader's allegations leave no doubt that an asserted claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir.

1998). Similarly, "[w]here the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel." Trans-Spec Truck Serv., 524 F.3d at 320.

For diversity tort actions "[a] federal court sitting in diversity must apply the relevant state's statute of limitations, including its accrual rules." Quality Cleaning Prods R.C. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 205 (1st Cir. 2015). In Puerto Rico, tort claims carry a statute of limitations of one year. P.R. Laws Ann. tit. 31, § 9496. The one-year term begins to run "once the injured party knows both that he has suffered a harm and who is responsible for it." Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 206 (1st Cir. 2009) (*citing* García Pérez v. Corporación de Servicios para la Mujer y la Familia, etc., 2008 TSPR 114, 2008 WL 2717833, at *4 (P.R. June 30, 2008)); *see also* Gonzalez Villegas v. Doctors' Ctr. Hosp., No. CV 21-1592 (GMM), 2025 WL 949471, at *2 (D.P.R. Mar. 28, 2025) (*citing* Fraguada v. Hosp. Auxilio Mutuo, 186 DPR 365 (2012)).

The Supreme Court of Puerto Rico established a plaintiff is deemed to have "knowledge" once they have "notice of the injury, plus notice of the person who caused it." Colon Prieto v. Geigel, 15 P.R. Offic. Trans. 313, 330-31 (1984); *see also* Alejandro-Ortiz v. P.R. Elec. Power Auth., 756 F.3d 23, 27 (1st Cir. 2014); Torres

v. E.I. Dupont, 219 F.3d 13, 18 (1st Cir. 2000). "True knowledge" exists once a plaintiff is "aware of all the necessary facts and the existence of a likelihood of a legal cause of action." *See* Rodriguez-Suris v. Montesinos, 123 F.3d 10, 14 (1st Cir. 1997). A plaintiff has "deemed knowledge" when they, by due diligence, would have likely acquired such knowledge. Id. at 16.

When a plaintiff is "aware of facts sufficient to put her on notice. . .she must pursue that claim with reasonable diligence, or risk being held to have relinquished her right to pursue it later, after the limitation period has run." Id. (*citing* Villarin-Garcia v. Hosp. Del Maestro, Inc., 8 F.3d 81, 85 (1st Cir. 1993; *see also* Pereyra-Carrasco v. United States, No. Civ. 14-1225 CVR, 2015 WL 6133024, at *10 (D.P.R. Oct. 14, 2015) (finding that when the Defendant is in the best position to inform Plaintiff of the existence of additional tortfeasors, the prescriptive term begins to run when Plaintiff is informed of the additional tortfeasor's identity).

"Puerto Rico law does allow for the tolling of the statute of limitations 'by making an extrajudicial claim.'" Hamdallah v. CPC Carolina PR, LLC, 91 F.4th 1, 26 (1st Cir. 2024) (*quoting* Alejandro-Ortiz v. P.R. Elec. Power Auth., 756 F.3d 23, 27, 29 (1st Cir. 2014).

Furthermore, pursuant to the Puerto Rico Rules of Civil Procedure, a plaintiff may also interrupt the statute of

limitations by relating the substitution of an unknown defendant back to the time of the filing of the original complaint. P.R. R. Civ. P. 15.4. "Rule 15.4 states that, if a defendant's name is unknown, a plaintiff may use a fictitious name to identify him/her temporarily." Aponte Bermudez v. Berrios, No. 15-1034 (CVR), 2016 WL 4708294, at *1–3 (D.P.R. Sept. 8, 2016) (applying Rule 15.4 as a substantive Puerto Rico law "since the newly identified party will be considered a defendant from the moment the original complaint was filed."). Under Rule 15.4, a plaintiff is responsible for specifically stating the claims they are bringing against that party and, "upon discovering the real name, may then amend to substitute the fictitious name for the newly identified defendant." Id.; see also P.R. R. Civ. P. 15.4.

### III. ANALYSIS

It is undisputed that the statute of limitations began to accrue as to MAPR on June 29, 2023, the day of the slip and fall incident. (Docket No. 42 at 6.1). Plaintiff alleges that on August 3 and 17, 2023, and then again, on July 22, 2024, she tolled the statute of limitations via an extrajudicial claim. (Docket No. 42 ¶ 6.2). Plaintiff's original *Complaint*, which included claims against "Unknown Defendants 1-5," included entities responsible "for having issued a liability policy that covers the damages claimed in this Complaint," was filed on August 30, 2024. (Docket No. 1 ¶ 4.9). Plaintiff then filed her first Amended Complaint on

October 28, 2024, and the *Second Amended Complaint* on June 11, 2025. (Docket No. 43).

Multi-Clean and Iedifiko contend that MAPR and Chubb's claim as stated in the *Amended Third-Party Complaint* filed May 12, 2025, is time-barred, because Plaintiff did not bring an action directly against the respective parties in its initial *Complaint*. (Docket No. 31 at 4); (Docket No. 34 at 7). To that end, they posit that: (1) the applicable statute of limitations is one year; (2) more than one year has passed since the facts that give rise to the original complaint;(3) Plaintiff did not exercise their "due diligence" and failed to toll the statute of limitations against Multi-Clean and Iedifiko, respectively; and (4) the filing of the Third-Party Complaint by MAPR and Chubb, with Multi-Clean and Iedifiko as a joint tortfeasors, warrants dismissal as untimely. Id.[1]

---

[1] The Court notes that in their respective *Motions to Dismiss*, Multi-Clean and Iedifiko present arguments under Puerto Rico Supreme Court case Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 D.P.R. 365, 388-90, 2012 TSPR 126 (Aug. 13, 2012). For purposes of this order, the Court need not reach this argument due to the filing of the *Second Amended Complaint*. Nonetheless, the pleadings demonstrate the plausibility of "perfect solidarity" between MAPR and Multi-Clean and Iedifiko given their contractual relationship, not "imperfect solidarity" which contemplates a relationship that is "merely accidental" or of a "sporadic" nature that makes it so that the liability of each party is autonomous. *See* Ramírez-Ortiz v. Corporación Del Centro Cardiovascular de P.R. y Del Caribe, 994 F.Supp.2d 218, 222 (D.P.R. 2014) (*citing* Fraguada-Bonilla, 186 D.P.R. 365 at 186). Puerto Rico law provides that, "perfect solidarity" is found "between several persons joined by a common interest, which have frequent relations among themselves or know each other". Calderón-Amézquita v. Rivera-Cruz, 483 F. Supp. 3d 89, 106 (D.P.R. 2020); See Sierra-Figueroa v. Presbyterian Cmty. Hosp., Inc., No. CV 24-01361 (MAJ), 2025 WL 1220585, at *2-3 (D.P.R. Apr. 28, 2025). "Precisely because perfect solidarity arises from a pre-existing bond, interruptive acts do not operate individually and prescription with regard to

The First Circuit has held that "[u]nder the doctrine of relation back, an amended complaint can be treated, for purposes of the statute of limitations, as having been filed on the date of the original complaint." <u>Coons v. Indus. Knife Co.</u>, 620 F.3d 38 (1st Cir. 2010). Considering this, "the newly identified party will be considered a defendant from the moment the original complaint was filed. By virtue of this, the date in which a defendant is first included in an original complaint will be the date to be considered for purposes of statute of limitations issues." <u>Gonzalez Villegas v. Doctors' Ctr. Hosp.</u>, 2025 WL 949471, at *10; <u>Santiago v. Becton Dickinson & Co., S. A.</u>, 539 F.Supp. 1149, 1152-53 (D.P.R. 1982).

As noted, Plaintiff filed the instant action on August 30, 2024, against MAPR, its insurer Chubb, and other entities or persons that were designated with fictitious names because "their true names were unknown to Plaintiff at that time." (Docket No. 1 ¶ 1.2). Specifically, Plaintiff filed action against "Unknown Defendants 1-5," including entities responsible "for having issued a liability policy that covers the damages claimed in this Complaint." (Docket No.1 ¶ 4.9).

---

one of the defendants does indeed reach the other[s] in such cases." <u>Ramirez-Ortiz</u>, 994 F.Supp. at 223. Due to the relationship between the Defendants alleged in this case, when the limitations period was tolled as to MAPR, it was considered tolled as to Multi-Clean and Iedifiko as well.

Courts in this District have recognized that "absent a deliberate concealment of an indispensable party or an intentional lack of diligence on plaintiff's part," and if the "allegations in the original complaint show the intention of substituting the unknown defendant," then the statute of limitations will be interrupted on "the date the original complaint was filed." Aponte Bermudez v. Berrios, No. 15-1034 (CVR), 2016 WL 4708294, at *2 (D.P.R. Sept. 8, 2016); see also Ortiz v. Gobierno Mun. de Ponce, 94 D.P.R. 472 (May 5, 1967).

The Court exercises its discretion in evaluating the timeliness of the substitution and finds that there has been no showing that Plaintiff knew the name of Multi-Clean and Iedifiko and deliberately withheld it, or that they were not diligent in substituting when they learned the true name. In its *Motion for Leave to File Second Amended Complaint*, Plaintiff stated, "neither MAPR nor CHUBB informed Peña of additional parties that could potentially have legal exposure and responsibility owed to Plaintiff for the damages she complained of." (Docket No. 40 ¶ 3). Plaintiff alleges that it was on December 5, 2024, when "MAPR made the first reference of the existence of such additional parties." (Docket No. 40 ¶ 4). However, "it was on March 12, 2025, that the contractual agreements between these two companies and MAPR were provided." (Docket No. 40 at 4). Prior to March 12, 2025, Plaintiff had no way of knowing the existence of Iedifiko and Multi-Clean,

Case 3:24-cv-01394-GMM    Document 62    Filed 08/01/25    Page 16 of 17

Civil No. 24-01394
Page -16-

the services they provided to MAPR, and their potential exposure and liability. (Docket No. 40 ¶ 5). Therefore, the Court finds that Plaintiff timely substituted the unknown parties. See Pereyra-Carrasco v. United States, No. Civ. 14-1225 (CVR), 2015 WL 6133024, at *10 (D.P.R. Oct. 14, 2015).

Given that the Court granted leave for Plaintiff to file its *Second Amended Complaint* which substituted Iedifiko and Multi-Clean as newly identified parties, per Puerto Rico Rules of Civil Procedure Rule 15.4, Iedifiko and Multi-Clean will be considered defendants from the moment the original *Complaint* was filed. See Gonzalez Villegas v. Doctors' Ctr. Hosp., No. CV 21-1592 (GMM), 2025 WL 949471, at *10 (D.P.R. Mar. 28, 2025); *see also* Corey Lanuza v. Medic Emergency Specialties, Inc., 229 F.Supp.2d 92, 102 (D.P.R. 2002), at 103.

As such, the arguments in the *Motions to Dismiss* are moot. At this stage, the *Second Amended Complaint* rectified any alleged statute of limitations deficiencies. See Del Valle v. Vornado Realty Tr., 515 F.Supp.2d 222, 227 (D.P.R. 2007). The claims as to Multi-Clean and Iedifiko are not time-barred. Plaintiffs were unaware of the existence of Multi-Clean and Iedifiko and their relationship with MAPR. Accordingly, the claims against them did not begin to accrue until December of 2025, at the earliest. In any case, Plaintiff interrupted the statute of limitations against the parties by submitting extrajudicial claims and by relating the

substitution of the parties in the *Second Amended Complaint*, originally included as unknown defendants, back to the time of the original *Complaint*. Thus, the *Motions to Dismiss* are denied.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that the arguments made in the *Motions to Dismiss* the *Third-Party Complaint* are moot. Therefore, Multi-Clean and Iedifiko's *Motions to Dismiss* at Docket Nos. 31 and 34 are hereby **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico on August 1, 2025.

s/ Gina R. Méndez-Miró<br>
GINA R. MÉNDEZ-MIRÓ<br>
United States District Judge